IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED

AUG 13 2018

Clerk, U.S District Court
District Of Montana
Missoula

| UNITED STATES OF AMERICA, | CR 17–33–M–DLC |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| CURTIS SWANSON, | |
| Defendant. | |

Before the Court is Defendant Curtis Swanson's ("Swanson") Motion for Early Termination of Supervised Release (Doc. 4). On November 16, 2007, United States District Michael H. Schneider sentenced Swanson to 120 months' imprisonment after he pleaded guilty to Conspiracy to Commit Securities Fraud, Obstruction of Justice, and Engaging in a Monetary Transaction with Criminally Derived Property. (Doc. 2-2 at 1–3.) Swanson was also sentenced to three years' of supervised release which began on November 16, 2016. (Doc. 1 at 1.) Jurisdiction of Swanson's case was transferred from the Eastern District of Texas to the District of Montana on January 3, 2018. (*Id.*) Swanson requests early termination of his supervised release before its automatic termination on November 15, 2019. (Docs. 1 at 1; 4 at 1.) While Defendant assumed the United States opposed his Motion, the United States did not file a response to his request.

-1-

Federal law provides that a court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, a court shall consider the factors set forth in 18 U.S.C. § 3553(a), including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 Fed Appx. 666, 667 n.3 (9th Cir. 2007) (unpublished).

Swanson has completed over half of his term of supervised release. Swanson's special conditions of supervised release were limited to satisfying the financial penalty imposed in the judgment, providing financial information at United States' Probation Office ("USPO") request, and not incurring new lines of credit without USPO approval prior to satisfying his financial penalty. (Doc. 2-2 at 5.) Defendant has satisfied the monetary judgment in this case. (Doc. 3 at 1.) While this Court has a policy of requiring two-thirds completion of a defendant's

term of supervised release before granting termination, the Court is convinced that with Swanson's satisfaction of his monetary obligations, the interests of justice and, particularly, Swanson's success on supervised release to date justify early termination of supervised release. Accordingly,

IT IS ORDERED that Swanson's Motion (Doc. 4) is GRANTED. The term of supervised released imposed by the November 14, 2007 Judgment is TERMINATED as of the date of this Order and Swanson is hereby DISCHARGED from the sentence of supervised release in this case.

DATED this 13th day of August, 2018.

Dana L. Christensen, Chief Judge
United States District Court